ROBERT MICKENS
CT-7015
10745, ROUTE 18
ALBION, PA 16475-0002

**RECEIVED**

DEC 27 2019

CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

SUSAN PARADISE BAXTER
UNITED STATES DISTRICT COURT-RM A240
17 SOUTH PARK ROW
ERIE, PA 16501

December 17, 2019

RE: MICKENS V. CLARK ET AL
    CILVIL DOCKET # 1:18-CV-00005-RAL

Dear Judge Baxter:

    I am contacting you because I have now been denied access to the Courts as I was denied due process of a fair opportunity. Prior to your leaving to become a United States District Judge, you ordered in this case that the defendant's turn over all discovery to the plaintiff, where you also Ordered that a Conference would be scheduled for **January 23, 2019,** to verify that your Order had been carried out.

> *On 1.22.2019. Magistrate Judge Richard A. Lanzillo issued an Order stating:*
> *In light of the defendants' Motions to Dismiss (ECF No. 43), the Status*
> *Conference originally scheduled for January 23, 2019 at 10:00 a.m. is hereby*
> *CANCELLED*

Plaintiff filed a *Motion to Strike defendant's Motion to Dismiss* alleging that the defendants' failed to comply with plaintiffs' constant requests of discovery. And on **7.25.2019,** Magistrate Judge R.A. Lanzillo issued an Order at *[53]* stating:

> *Plaintiff's Motion to Strike defendants" Motion to Dismiss. In his Motion,*
> *Plaintiff argues that he is entitled to the requested relief due to Defendants*
> *failure to respond to his numerous discover request. However, discovery is*
> *not yet open.*

-1-

Magistrate Judge Lanzillo, then went on to *Grant Defendants' Motion to Dismiss,* as he had taken as true everything that that defendant's argued in the Grievance responses to the Plaintiff, as Judge Lanzillo misconstrued the facts of the Plaintiffs' argument as he went on to ignore that attached affidavit and exhibits which bolstered that the Plaintiff was in fact denied emergency medical treatment, where his findings were, (Plaintiff was just unhappy with the amount of medical treatment he received), Quoting defendant Smock's response to the grievance.

Plaintiff, had he not been denied the discovery might have prepared a more surmountable defense where due process required that the discovery be turned over for that reason.

Magistrate Judge R.A. Lanzillo then issued what he entitled his *(Opinion and Memorandum) Granting the defendant's Motion to dismiss* in two (2) Parts. With prejudice as to the Medical staff defendants which denied the emergency medical treatment. And Without prejudice as to the Superintendent as well as the Maintenance Supervisor. Thus, causing the Plaintiff to file a Notice of Appeal into the United States Court of appeals.

On **October 9, 2019,** Plaintiff received a letter as well as Forma Pauperis Motion. The letter of Patricia S. Dodszuweit states in relevant parts:

> *This will advise you that the above-captioned appeal will be submitted to a panel of the court for possible dismissal due to a jurisdictional defect. It appears that this Court may lack appellate jurisdiction for the following reason(s):*
>
> *The Order that you have appealed may not be reviewable at this time by a Court of appeals.* **Under 28 U.S.C. Section 1291** *(enclosed), only final Orders of the district courts may be appealed. (to be final, order of dismissal must be with prejudice; order dismissing without prejudice contemplates leave to amend and is not appealable unless plaintiff elects to stand on Complaint). Jurisdictional defects cannot be remedied by the court of appeals. Upon expiration of the response period, the case will be submitted to the court for consideration of the jurisdictional question.*

Plaintiff acted in correlation with Clerk Patricia S. Dodszuweit findings and on **October 16, 2019,** Plaintiff forwarded to the Court **(PLAINTIFF'S OBJECTIONS "EXTRAORDINARY CIRCUMSTANCES" MAGISTRATES' MEMORANDUM OPINION GRANTING DEFENDNATS' MOTION TO DISMISS.**

Plaintiff assumed that the district Judge was reviewing and weighing the facts against the evidence and case law of the Motion. The Motion was sent to the courthouse certified mail. The Plaintiff then on or about **December 9, 2019**, requested a docketing sheet from the district court clerk. Upon receiving the docketing sheet the plaintiff notice that the Objections for extraordinary circumstances was not processed. The Plaintiff immediately refiled the Motion with the district clerk's office.

Then; on **December 16, 2019,** the plaintiff received from the Court of Appeals an Order stating:

> *Pursuant to FED. R. App. P. 3(a) and 3rd Cir. LAR 3.3 and Misc. 107. 1(a),*
> *it is ORDERED that the above-captioned case is hereby dismissed for*
> *failure to timely prosecute insofar as appellant failed to pay the requisite*
> *fee as directed.*

*Signed Patricia S. Dodszuweit. Clerk.*

The plaintiff first, returned to the district Court for a final Order on **October 16, 2019**, after receiving a letter from Clerk Dodszuweit, stating that the Court was without jurisdiction and that the court could not remedy jurisdictional defects. Plaintiff insofar, as a pro se litigant been denied a fair process and access to the court. Plaintiff clearly has been diligent and continues to assert his right to redress a grievance where his was denied his 8th Amendment right to healthcare by those that are charged with his custody, care and control.

I would ask that you please make a ruling on the Motion placed into the prison mail box to be re-submitted from that date of **10.16, 2019**, sent to the district court certified mail.

Thank you for your time and consideration surrounding this very important matter.

CC/ File

Patricia S. Dodszuweit, U.S. Crt. of appeals Clerk
2140 U.S. Courthouse 601 Market St.

United States District Clerk of court.
Clerk's office-Rm A 150
17 South Park Row

Office of the Attorney General
1251 Waterfront Place
Mezzanine Level
Pittsburgh, pa. 16501

Respectfully,
Robert Mickens
Robert Mickens Sr.